
| | |
|---|---|
| 1 | KAREN P. HEWITT |
| | United States Attorney |
| 2 | ALESSANDRA P. SERANO |
| | Assistant United States Attorney |
| 3 | California State Bar No. 204796 |
| | Federal Office Building |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-7084/(619) 557-7381 (Fax) |
| | Email: alessandra.p.serano@usdoj.gov |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | United States of America |

<center>

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

</center>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0803-H |
| | ) | |
| Plaintiff, | ) | Date:   April 21, 2008 |
| | ) | Time:   2:00 p.m. |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE AND |
| RAUL GUTIERREZ-VILLALOBOS, | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTIONS TO: |
| Defendant. | ) | |
| | ) | (1) COMPEL DISCOVERY; |
| | ) | (2) PRESERVE EVIDENCE; |
| | ) | (3) CONDUCT VOLUNTARINESS |
| | ) |      HEARING; AND |
| | ) | (4) FILE FURTHER MOTIONS. |
| | ) | |
| | ) | |
| | ) | TOGETHER WITH STATEMENT OF |
| | ) | FACTS, MEMORANDUM OF POINTS |
| | ) | AND AUTHORITIES, AND MOTION FOR |
| | ) | RECIPROCAL DISCOVERY |
| _____ | ) | |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel KAREN P. HEWITT, United States Attorney, and ALESSANDRA P. SERANO, Assistant U.S. Attorney, and hereby files its Response and Opposition to the motions filed on behalf of defendant RAUL GUTIERREZ-VILLALOBOS("Defendant") which is based upon the files and records of this case.

//

//

I

**STATEMENT OF THE CASE**

On March 19, 2008, a federal grand jury for the Southern District of California returned a single-count Indictment, charging Defendant with possession of marijuana with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1). The Defendant was arraigned on the Indictment on March 20, 2008, and entered a not guilty plea.

II

**STATEMENT OF FACTS**

A. **THE OFFENSE**

On February 19, 2008, at approximately 10:30 p.m., Defendant was the driver of a green 1999 Kenworth tractor with trailer bearing California license plate number 9D53724, which entered the Highway 111 Border Patrol checkpoint near Niland, California. Border Patrol Agent Zepeda was conducting primary inspection. He asked Defendant about citizenship and what he was hauling in the trailer. Defendant stated he was a Mexican citizen and that he was hauling candles. Agent Zepeda asked Defendant if he had a seal on the trailer. Defendant responded 'yes." Agent Zepeda asked for the paperwork for the load he was hauling. Defendant then exhibited signs of nervousness - he was shuffling through his papers, and began looking for the paperwork in the sleeper area. Agent Zepeda noted that most truck drivers have their load paperwork ready for inspection. As a result, the truck was referred to secondary inspection.

At secondary, Agent Zepeda asked Defendant if he could search the truck and trailer with his canine. Defendant said yes. Defendant also failed to produce any paperwork for the load he was hauling. The canine alerted to the trailer. Further inspection revealed 332 bundles of a green leafy substance wrapped in brown packing tape that later tested positive for marijuana. The weight of these packages was approximately 4,019 pounds. A roll of tape with the lettering "examined by U.S. Customs" was also found in the truck. As a result, the DEA was called to further investigate.

**B.     DEFENDANT'S STATEMENT**

Defendant was advised of his <u>Miranda</u> rights in Spanish by Imperial Sheriff's Deputy Tabarez in the presence of DEA Agent Ortiz at approximately 3:32 a.m., about 5 hours after Defendant first entered the checkpoint. Defendant acknowledged those rights and agreed to speak to agents. Defendant stated he crossed through the Calexico Port of Entry earlier that day at around 4:00 p.m. with an empty trailer. He further stated that Gerardo Beltran asked him to drive the empty trailer to Calexico. Upon making his way, Defendant stopped to get something to eat when he was approached by "Pilo" to haul some candles in exchange for $600.00. Defendant permitted "Pilo" to take the vehicle to Mexico to load the candles. About an hour later, "Pilo" returned with the loaded trailer. Defendant told "Pilo" that there better be candles inside and not illegal aliens. "Pilo" said he was going to ride with Defendant and he did not believe there were aliens inside.

Defendant and "Pilo" drove towards Brawley, California when they stopped for coffee. "Pilo" stated that he was going to ride with his girlfriend tot he 29 Palms Casino an that Defendant should meet him there to pick him up and to continue to Vernon, California to deliver the candles. Throughout the interview, Defendant was observed sweating profusely and fidgeting around, being unable to remain seated in one position.

Further review of Defendant's belongings revealed an incomplete log book and an expired Mexican driver's license.

**III**

**UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES**

**A.     THE MOTION TO COMPEL DISCOVERY SHOULD BE DENIED**

The Government has already produced 73 pages of discovery and intends to fully comply with its discovery obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal Rules of Criminal Procedure. The Government anticipates that most discovery issues can be resolved amicably and informally, and has addressed Defendant's specific requests below.

**(1)    The Defendant's Statements**

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The Government has produced all of Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

The Government has no objection to the preservation of the handwritten notes taken by any of the Government's agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence

was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

### (2) Prior Convictions/Criminal History

The United States has already provided Defendant with a copy of his criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(B).

### (3) Brady Material

Again, the United States is well aware of and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." Id. at 774-775 (citation omitted).

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

Although the United States will provide conviction records, if any, which could be used to impeach a witness, the United States is under no obligation to turn over the criminal records of all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

Finally, the United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

### (4) Sentencing Information

Defendant claims that the United States must disclose any information affecting Defendant's sentencing guidelines because such information is discoverable under Brady v.

1  Maryland, 373 U.S. 83 (1963).  The United States respectfully contends that it has no such
2  disclosure obligation under Brady.
3        The United States is not obligated under Brady to furnish a defendant with information
4  which he already knows.  United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986).  Brady
5  is a rule of disclosure, and therefore, there can be no violation of Brady if the evidence is already
6  known to the defendant.  In such case, the United States has not suppressed the evidence and
7  consequently has no Brady obligation.  See United States v. Gaggi, 811 F.2d 47, 59 (2d Cir. 1987).
8        But even assuming Defendant does not already possess the information about factors which
9  might affect his guideline range, the United States would not be required to provide information
10 bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of
11 guilty and prior to his sentencing date.  See United States v. Juvenile Male, 864 F.2d 641, 647 (9th
12 Cir. 1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time
13 when the disclosure remains in value.").  Accordingly, Defendant's demand for this information
14 is premature.

15       **(5)    Proposed 404(b) Evidence and 609 Evidence**

16       Should the United States seek to introduce any similar act evidence pursuant to Federal
17 Rules of Evidence 404(b) or 609, the United States will provide Defendant with notice of its
18 proposed use of such evidence and information about such other acts at the time the United States'
19 trial memorandum is filed.

20       **(6)    Evidence Seized**

21       The United States has complied and will continue to comply with Rule 16(a)(1)(c) in
22 allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical
23 evidence which is within the possession, custody or control of the United States, and which is
24 material to the preparation of Defendant's defense or are intended for use by the United States as
25 evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.
26       The United States, however, need not produce rebuttal evidence in advance of trial.  United
27 States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).
28

**(7)** **Tangible Objects**

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**(8)** **Evidence of Bias or Motive to Lie**

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

**(9)** **Impeachment Evidence**

As stated previously, the United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

**(10)** **Criminal Investigation of Government Witness**

Defendants are not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. "[T]he criminal records of such [Government] witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)© to supply a defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542 F.2d at 1026).

The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief. When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-

in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

### (11)   Statements Relevant to the Defense

To reiterate, the United States will comply with all of its discovery obligations. However, "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." Gardner, 611 F.2d at 774-775 (citation omitted). Further, Defendant is not entitled to the Grand Jury transcripts.

### (12)   Jencks Act Material

The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). While the Government is only required to produce all Jencks Act material after the witness testifies, the Government plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

### (13)   Giglio Information

As stated previously, the United States will comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and Giglio v. United States, 405 U.S. 150 (1972).

**(14) Preservation of Evidence**

The United States will preserve all evidence to which Defendant is entitled pursuant to the relevant discovery rules. However, the United States objects to Defendant's blanket request to preserve all physical evidence.

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within his possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The United States has made the evidence available to Defendant and Defendant's investigators and will comply with any request for inspection.

Again, the United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

**B.    PRESERVE AND INSPECT EVIDENCE**

The Government does not oppose Defendant's motion to inspect and photograph evidence seized. The Government will make the vehicle available at a time convenient to the Government. Moreover, the Government will allow Defendant to view and photograph the physical evidence seized from the vehicle. However, the Government would request to review any proposed order the Defendant intends to submit for signature regarding preservation of evidence.

**C.    VOLUNTARINESS HEARING**

The Government does not oppose a hearing for the Court to determine whether Defendant's statements were made voluntarily under 18 U.S.C. §3501. However, given the fact that Defendant has not filed a motion to suppress statements nor has filed any declaration articulating some Constitutional violation, the Government respectfully requests that any hearing be conduct at the time of trial outside the presence of the jury. This will save court time and resources.

**D.    LEAVE TO FILE FURTHER MOTIONS**

The Government does not oppose this motion, as long as future motions are based upon evidence or information not now available.

### III

### UNITED STATES' MOTIONS

A.  **Government's Motion for Reciprocal Discovery**

1.  **Rule 16(b)**

Defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motion for discovery and the Government has already voluntarily complied with the requirements of Federal Rule of Criminal Procedure 16(a). Therefore, Rule 16(b) should presently be determined to be operable as to Defendant.

The Government, pursuant to Rule 16(b), hereby requests that Defendant permit the Government to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody, or control of Defendant and which she intends to introduce as evidence in her case-in-chief at trial. The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which she intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom Defendant intends to call as a witness. The Government also requests that the Court make such orders as it deems necessary under Rule 16(d)(l) and (2) to insure that the Government receives the discovery to which it is entitled.

2.  **Rule 26.2**

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except any statement of Defendant. The rule provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the Government hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in, including, but not limited to, tape recordings, handwritten or typed notes, and/or reports.

# IV

# **CONCLUSION**

For the above stated reasons, the Government respectfully requests that Defendant's motions be denied, and the Court grant the United States' motion.

DATED: April 1, 2008.

                    Respectfully Submitted,

                    KAREN P. HEWITT
                    United States Attorney

                    s/Alessandra P. Serano
                    ALESSANDRA P. SERANO
                    Assistant United States Attorney

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA | |
| 3 | UNITED STATES OF AMERICA, ) | Case No. 08CR0803-H |
| 4 | Plaintiff, ) | |
| 5 | v. ) | CERTIFICATE OF SERVICE |
| 6 | RAUL GUTIERREZ-VILLALOBOS, ) | |
| 7 | Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

I, ALESSANDRA P. SERANO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to Defendant's Motions and the Government's Motion for Reciprocal Discovery on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Antonio Yoon, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 1, 2008.

s/Alessandra P. Serano
ALESSANDRA P. SERANO