KAREN P. HEWITT
United States Attorney
ALESSANDRA P. SERANO
Assistant U.S. Attorney
California State Bar No. 204796
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101
Telephone: (619) 557-7084

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No.   08CR0803-H |
|---|---|---|
| Plaintiff, | ) | DATE: September 2, 2008 |
| | ) | TIME: 2:00 p.m. |
| v. | ) | |
| RAUL GUTIERREZ-VILLALOBOS, | ) | UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE |
| Defendant. | ) | |
| | ) | TOGETHER WITH MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Alessandra P. Serano and Bruce C. Smith, Assistant United States Attorneys, and hereby files its Response and Opposition to Defendant's Motions *in limine*.

I

STATEMENT OF THE CASE

On March 19, 2008, a federal grand jury in the Southern District of California returned a single count indictment charging Defendant Raul Gutierrez-Villalobos ("Defendant") knowingly and intentionally possessing, with the intent to distribute approximately 1,823.43 kilograms (4,019.9 pounds) of marijuana, a Schedule I controlled substance in violation of Title 21, United States Code, § 841(a)(1).

II

MEMORANDUM OF POINTS AND AUTHORITIES

A.  Rule 404(b) and 609 Evidence

The Government fully incorporates its position set forth in its Motions in Limine filed on August 19, 2008. The Government does not intend to present any Rule 404(b) evidence in its case-in-chief. Accordingly, the motion should be denied as moot.

Regarding any Rule 609 evidence, the United States is unaware of any criminal convictions that would serve as impeachment evidence under the Rule. Accordingly, the motion should be denied as moot.

B.  Burden Shifting

The Government is unclear what Defendant is trying to preclude. The Government acknowledges and accepts that it has the burden of proof for each and every element of the offenses charged. However, should the Defendant choose to take the stand or present other evidence in his defense, the Government is entitled to comment on that evidence or testimony. The model jury instructions deal with the presentment of any defense and how a jury should view all witnesses or evidence from either side. Without more, the motion should be denied.

C.  Expert Testimony by the United States

The Government fully incorporates its position set forth in its Motions in Limine filed on August 19, 2008. The Government gave expert notice as to the (1) DEA chemist and (2) value expert on August 19, 2008. This type of testimony is proper. Moreover, should Defendant "open the door" as to "blind mule" testimony, the Government is entitled to present evidence in rebuttal refuting this defense theory.

1   "Blind mule" evidence is evidence that drug traffickers do not trust a large amount of drugs to
2   an unknowing courier. United States v. Murillo, 255 F.3d 1169, 1177 (9th Cir. 2001); United States v.
3   Vallejo, 246 F.3d 1150 at footnote 3; United States v. Campos, 217 F.3d 707, 712 (9th Cir. 2000);
4   United States v. Cordoba, 104 F.3d 225, 229 (9th Cir. 1997); United States v. Castro, 972 F.2d 1107,
5   1111 (9th Cir. 1992). The Ninth Circuit has held that such opinion testimony is "not drug courier profile
6   testimony" and is permissible to refute a defense that a defendant was an unknowing courier. United
7   States v. Campos, 217 F.3d at 712 citing United States v. Cordoba, 104 F.3d 225, 229-30 (9th Cir.
8   1997).

D.  Testimony Regarding Drug Smuggling Organizations (Structure), Drug Courier Profile, Value of the Drugs and Blind Mule

The Government fully incorporates its position set forth in its Motions in Limine filed on August 19, 2008. Evidence of the street value of the marijuana allows the Government to argue to the jury the circumstantial evidence that the Defendant knew the vehicle he drove contained marijuana. The Government has given notice as set forth in its motion in limine filed on August 19, 2008. A copy of the value expert's CV along with the CV for the chemist (assuming there is no stipulation) will be forthcoming prior to trial. The value testimony should be admitted.

The Government does not intend to illicit testimony from any other witness about drug smuggling organizations, drug courier profile or blind mule in its case-in-chief. The Government reserves the right to present such testimony if the Defendant opens the door to make such testimony relevant. United States v. Murillo, 255 F.3d 1169 (9th Cir. 2001) overruled on other grounds, United States v. Mendez, 476 F.3d 1077 (9th Cir. 2007); United States v. Beltran-Rios, 878 F.2d 1208 (9th Cir. 1989). Rule 16 does not require the Government to give notice of any expert used in rebuttal as it is unclear whether the Defendant will present a defense at this point. Accordingly, the Court should deny this motion as to testimony of blind mules, structure and drug courier profiles as moot.

E.  Guilt Assuming Hypotheticals

The Government fully incorporates its position set forth in its Motions in Limine filed on August 19, 2008. The Government does not intend to use any guilt-assuming hypotheticals as described by Defendant. Accordingly, the motion should be denied.

F.    Indictment to Jury

The Government fully incorporates its position set forth in its Motions in Limine filed on August 19, 2008. The Government does not oppose this Motion and defers to the Court.

G.    Attorney Conducted Voir Dire

The Government does not oppose this Motion and defers to the Court. If the Court permits each party to conduct voir dire, the Government requests that each party be given the same amount of time.

H.    Grand Jury Transcripts

The Government does not intend to call anyone to testify at trial who testified before the Grand Jury in this case. If the Government does decide to call a witness who testified before the Grand Jury, it will produce any transcripts.

I.    Exclude Evidence of Nervousness

The Government fully incorporates its position set forth in its Motions in Limine filed on August 19, 2008. Evidence regarding the Defendant's demeanor and physical appearance is admissible. The Government does not intend to illicit testimony from its witnesses that the Defendant was "nervous."

J.    Leave to File Further Motions

The Government does not oppose this motion so long as the motions are based upon newly discovered information

III

CONCLUSION

For the above stated reasons, the Government respectfully requests that Defendant's motions be denied, except where unopposed.

DATED:    August 19, 2008.

          Respectfully submitted,

          KAREN P. HEWITT
          United States Attorney

          /s Alessandra P. Serano

          ALESSANDRA P. SERANO
          Assistant U.S. Attorney

1
2
3
4
5
6
7                              UNITED STATES DISTRICT COURT
8                             SOUTHERN DISTRICT OF CALIFORNIA
9  UNITED STATES OF AMERICA,           )     Case No. 08CR0803-H
                                       )
10               Plaintiff,             )
                                       )
11         v.                           )
                                       )     CERTIFICATE OF SERVICE
12  RAUL GUTIERREZ-VILLALOBOS,          )
                                       )
13               Defendant.             )
                                       )
14
IT IS HEREBY CERTIFIED THAT:
15
       I, ALESSANDRA P. SERANO, am a citizen of the United States and am at least eighteen years
16  of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

17     I am not a party to the above-entitled action. I have caused service of United States' Response
    and Opposition to Defendant's Motions in Limine on the following parties by electronically filing the
18  foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

19     Antonio Yoon, Esq.

20     I declare under penalty of perjury that the foregoing is true and correct.

21     Executed on August 19, 2008

22                                           s/Alessandra P. Serano
                                             ALESSANDRA P. SERANO
23
24
25
26
27
28